Argued and submitted April 5, affirmed November 7, 2007

In the Matter of the Compensation of
Terri L. Hardenbrook-Hardy, Claimant.

ROSEBURG FOREST PRODUCTS,
*Petitioner,*

*v.*

Terri L. HARDENBROOK-HARDY,
*Respondent.*

Workers' Compensation Board
0503351; A131857

171 P3d 393

Benjamin M. Bloom argued the cause for petitioner. With him on the briefs was Hornecker, Cowling, Hassen & Heysell, L.L.P.

Dale C. Johnson argued the cause and filed the brief for respondent.

Before Wollheim, Presiding Judge, and Landau and Sercombe, Judges.

WOLLHEIM, P. J.

### WOLLHEIM, P. J.

■ Roseburg Forest Products petitions for judicial review of a Workers' Compensation Board order that affirmed an order on reconsideration. The order on reconsideration awarded claimant 15 percent scheduled permanent partial disability for claimant's left leg. Roseburg argues that the appellate review unit, which issued the order on reconsideration, was legally precluded from determining the extent of claimant's permanent disability. We review for errors of law, ORS 183.482(8) and ORS 656.298(7), and affirm for the reasons that follow.

The material facts in this case are procedural and are not in dispute. In 2002, claimant sustained a compensable injury to her left leg. In 2004, Roseburg issued a notice of closure that (1) determined when claimant was medically stationary; (2) awarded claimant temporary disability; and (3) awarded three percent *unscheduled* permanent partial disability for claimant's leg. Consistently with the Workers' Compensation Law and the applicable administrative rules, the notice informed claimant that she had 60 days to appeal the notice by requesting reconsideration. Fewer than 60 days after the notice issued, and before claimant requested reconsideration, Roseburg issued a correcting notice of closure. The correcting notice included the same medically stationary and aggravation dates and did not include any award of temporary disability. Significantly, the correcting notice stated that the notice "was incorrect and is hereby corrected by the following statement: The total *scheduled* permanent partial disability award to date is as follows: 3 percent * * * for your left leg." (Emphasis added.)

Claimant filed a request for reconsideration of both the notice of closure and the correcting notice of closure, seeking, among other things, an increase in the amount of permanent disability. The appellate review unit denied the request for reconsideration of the notice of closure because it was not filed within 60 days after that notice. That order became final and is not at issue in this petition for judicial review.

The reconsideration of the correcting notice proceeded. Roseburg argued that the sole issue on reconsideration was whether the award of permanent disability should be scheduled or unscheduled and that the appellate review unit could not consider the extent of claimant's permanent disability. An order on reconsideration of the correcting notice of closure issued, expressly rejecting Roseburg's argument. The order increased the award of scheduled permanent partial disability for claimant's left leg from three percent to 15 percent.

Roseburg requested a hearing on the order on reconsideration. The administrative law judge affirmed the order on reconsideration. Roseburg appealed to the board. On appeal, the board, with one member dissenting, affirmed. Roseburg then filed this petition for judicial review.

In its petition for judicial review, Roseburg contends that the board erred when it determined that the appellate review unit could determine the extent of claimant's permanent disability. Specifically, Roseburg argues that the only change in the correcting notice was from *unscheduled* to *scheduled* disability, and, therefore, that was the only issue before the appellate review unit. Because the percentage of permanent disability was the same amount, three percent, in both the notice and the correcting notice, Roseburg argues, claimant was prevented from raising the issue of the extent of her permanent disability on reconsideration of the correcting notice of closure. In response, claimant contends that her timely request for reconsideration of the correcting notice properly raised the issue of the extent of her permanent disability, because the correcting notice restated the award of permanent disability.

■■   To determine whether the extent of claimant's permanent disability was within the scope of reconsideration, we must interpret the applicable administrative rule, OAR 436-030-0023. Our goal in doing so is to determine the agency's intent in adopting the rule. We apply the same framework to the interpretation of an administrative rule that we apply to the interpretation of a statute. *Thomas Creek Lumber v. Board of Forestry*, 188 Or App 10, 22, 69 P3d 1238 (2003). *See also PGE v. Bureau of Labor and Industries,*

317 Or 606, 612 n 4, 859 P2d 1143 (1993) (method for statutory construction applies to construction of administrative rules). We first examine the text of the rule in context. If the meaning of the rule is clear from its text and context, our analysis is complete. At this first level of analysis, we give the words of the rule their ordinary meanings, unless those words are otherwise defined in the rule.

We begin with the text of OAR 436-030-0023:

"(1)   An insurer may rescind or correct its Notice of Closure prior to the expiration of the appeal period for that Notice * * *.

"* * * * *

"(8)   Correcting Notices of Closure * * * are used to correct errors or omissions and do not change the closure status or the action taken by the Notice of Closure being corrected. Correcting Notices of Closure must not be used to grant permanent disability in claims where the Notice of Closure being corrected did not include an award of permanent disability. Examples of appropriate uses of Correcting Notices of Closure include, but are not limited to:

"(a)   Permanent disability award computation errors (dollars, degrees, percentages);

"* * * * *

"(9)   A Correcting Notice of Closure must:

"(a)   Be issued when the director has instructed the insurer to do so because the Notice of Closure did not contain the information required by OAR 436-030-0020(4);

"(b)   Not be used to add a new condition to the claim closure, rate a new condition not considered in the Notice of Closure being corrected, or rescind a Notice of Closure;

"(c)   State in the body of the correcting notice only the information being corrected on the Notice of Closure and the basis for the correction;

"(d)   Not change the appeal period for the Notice of Closure being corrected; and

"(e)   Initiate a new 60-day appeal period during which any request for reconsideration must be received, but only for those items being corrected."

The key subsection is OAR 436-030-0023(8). That subsection explains that correcting notices are to be used to correct either errors or omissions, but not to change the status of the claim, *i.e.*, the claim remains in closed status. Correcting notices also cannot award permanent disability where the prior notice did not include an award of permanent disability. Subsection (8) gives a nonexclusive list of examples of appropriate uses of a correcting notice, including correcting computation errors in permanent disability awards, *e.g.*, "dollars, degrees, percentages." That example indicates that a correcting notice is proper when there is an inconsistency concerning the award of permanent disability. Hypothetically, if the notice awarded the injured worker 1,000 percent permanent partial disability, the employer could issue a correcting notice stating that the correct award was 10 percent permanent partial disability.

OAR 436-030-0023(9) describes when an employer must issue a correcting notice and when an employer cannot issue a correcting notice. That subsection also describes what must be included in a correcting notice and, by inference, what should not be included in a correcting notice. A correcting notice must issue when it is required by the Workers' Compensation Division, OAR 436-030-0023(9)(a), and must not issue when the correcting notice adds or rates a new condition not contained in the notice, OAR 436-030-0023(9)(b). A correcting notice must "state in the body of the correcting notice only the information being corrected * * * and the basis for the correction." OAR 436-030-0023(9)(c). Using the 1,000 percent permanent partial disability hypothetical discussed above as an example, a correcting notice would state "in the body" that the correct percent of permanent partial disability was 10 percent and the "basis for the correction" was a typographical error.

The last relevant subsection to be considered is OAR 436-030-0023(9)(e), which provides that the time to request reconsideration of a correcting notice is 60 days, but "only for those items being corrected." For example, if a correcting notice changed the award of temporary disability but did not change the award of permanent disability, the injured worker would have 60 days to request reconsideration of the correcting notice's award of temporary disability, but would

not have 60 days from the correcting notice to request reconsideration of the award of permanent disability.

The issue here reduces to what Roseburg was required to include in its correcting notice and what Roseburg actually included in its correcting notice. To resolve that issue, we summarize the contents of both the notice of closure and the correcting notice. The notice contained all the required information: (1) when claimant was medically stationary; (2) the dates claimant was awarded temporary disability; (3) when claimant's aggravation rights ended; and (4) the award of permanent partial disability for the injury to claimant's leg, as stated in percentage, degrees, and dollar value. The notice also stated that the disability was unscheduled. The body of the correcting notice provided:

> "On December 8, 2004, a Notice of Closure was issued on your claim. That Notice of Closure was incorrect and is hereby corrected by the following statement:
>
> "The total scheduled permanent partial disability award to date is as follows:
>
> "3 percent equal to 4.05 degrees for your Left Leg (L515)."

Thus, the body of the correcting notice included three items. First, it stated the basis for the correction. Second, it stated that the award of permanent partial disability was scheduled rather than unscheduled. Third, and finally, the correcting notice stated that the extent of claimant's permanent partial disability was three percent.

■ OAR 436-030-0023(8) and (9) required the correcting notice to include the basis for the correction and the matter being corrected, but did not require Roseburg to restate the extent of claimant's permanent partial disability. To the contrary, OAR 436-030-0023(9)(c) required employer to limit the correcting notice to "only the information being corrected." By including the extent of claimant's permanent partial disability in the body of the correcting notice, Roseburg, perhaps unintentionally, "corrected" the extent of claimant's permanent partial disability for purposes of the rule. Pursuant to OAR 436-030-0023(9)(e), claimant had 60 days from the correcting notice to request reconsideration of the extent of her

permanent partial disability, because the extent of her permanent partial disability was an item included in the correcting notice and, therefore, deemed "corrected" for the purposes of reconsideration. Accordingly, the appellate review unit had authority to consider the extent of claimant's permanent disability when it considered claimant's request for reconsideration of the correcting notice of closure.

Affirmed.