DECISION
Plaintiff requests that the court overturn Defendant's decision to deny his application for a veteran's property tax exemption on his home as provided under ORS 307.250.[1] The tax year at issue is 2006-07.[2] The November 6, 2007, initial case management conference was converted to a trial at the request of the parties. Plaintiff was represented by his daughter, Josefina F Spiotti (Spiotti), who has legal power of attorney to act on Plaintiff's behalf. Defendant was represented by Leslie Box and Kay Brandon, exemptions specialists with the Marion County Assessor's office. The parties agree to the relevant material facts and have asked the court for a legal determination of whether Plaintiff is entitled to the requested exemption.
 I. STATEMENT OF FACTS
At the time the appeal was filed in July 2007 Plaintiff, who is legally blind, was 96 years old. Plaintiff served in the Army during World War II and was a prisoner of war for three years. Plaintiff is rated as 100 percent disabled due to injuries sustained during his wartime service. *Page 2 
Plaintiff owns the home in Marion County identified in the assessor's records as Account R60616. According to Spiotti, Plaintiff is in poor health both physically and mentally and requires full-time care. Plaintiff lives in his daughter's home, and Spiotti cares for Plaintiff, including assistance with bathing, medication, shopping and food preparation, clothes washing, bill paying, and transportation to the doctor. Plaintiff has lived with Spiotti for at least the last three years, and perhaps for as many as five years.
Plaintiff's own home is in a state of disrepair, and would need certain modifications in order for Plaintiff to live there. Spiotti's nephew has been living in the home rent free and making the necessary repairs and modifications, although progress has been slow. The original goal was to have Plaintiff move back into the home once it was repaired to a state where Plaintiff's safety was not at risk. However, at this point, Spiotti acknowledges that Plaintiff is in need of a great deal of care (Spiotti used the word "helpless") and that it is unlikely he will ever return to his own home.
By his application, Plaintiff sought exemption on his home. Defendant denied Plaintiff's exemption application because Plaintiff does not live in the home. Plaintiff asserts that he is nonetheless entitled to the exemption because his stay at Spiotti's house is akin to residing in a nursing home or long-term care facility and, under an applicable administrative rule, the claim cannot be denied.
 II. ANALYSIS
ORS 307.250 provides for a partial property tax exemption whereby a portion of the assessed value of the "homestead" of a qualifying war veteran (or the unmarried surviving spouse of the veteran) who is a resident of Oregon is exempt from taxation. The veteran must be rated as at least 40 percent disabled to receive the exemption. Seegenerally ORS 307.250(1) and (2). *Page 3 
The exemption is greater if the disability is service-connected. ORS307.250(2). That statute provides in relevant part as follows:
 "(2) Upon compliance with ORS 307.260
[requiring an annual claim], there shall be exempt from taxation not to exceed $18,000 of the assessed value of the homestead or personal property of any of the following residents of this state."
ORS 307.250(2).[3]
Defendant contends, at least by implication, that a taxpayer's house is not his homestead unless he resides therein. Because Plaintiff lives with his daughter and not in his own home, Defendant asserts Plaintiff is not entitled to the partial exemption.
The term "homestead" is not defined in the statutes governing the veteran's homestead exemption (ORS 307.250 through ORS 307.280), or anywhere else in chapter 307. ORS 307.270 describes the property to which the exemption applies, but, it too, uses the word "homestead" in describing the contours of the exemption. That statute provides in relevant part:
 "(1) The exemption under ORS 307.250 shall apply to property any such veteran or surviving spouse may own, or have in possession under a recorded contract of purchase, on January 1 of the year in which the exemption is claimed. The exemption shall first apply to the homestead of the veteran or surviving spouse and then to the personal property of the veteran or surviving spouse. Property of the spouse of any such veteran where they are living together and occupying the same as their homestead shall be deemed the homestead of the veteran. * * *"
ORS 307.270(1) (emphasis added).
It could be argued that under subsection (1) of ORS 307.270, occupancy is only required where the veteran seeks exemption for property owned by a spouse, because it is only when the property of a spouse is involved that the statute specifically requires occupancy of the homestead by the veteran. "Property of the spouse of any such veteran where they are living together and *Page 4 
occupying the same as their homestead shall be deemed the homestead of the veteran." ORS 307.270(1). Otherwise, the exemption applies to "property any such veteran or surviving spouse may own," with the exemption applying first to the "homestead * * * and then to the personal property of the veteran or surviving spouse." Id. An equally plausible construction of the statute is that the legislature understood and intended a "homestead" to be a residence owned and occupied by the claimant, and enacted ORS 307.270(1) to clarify that ownership includes "possession under a recorded contract of purchase," and that where the veteran lives with a spouse, in a home owned by the spouse, (e.g., where the veteran marries a person who already owns a home and moves into that person's home), they must be "living together and occupying the same as their homestead" in order for the veteran (and spouse) to receive the exemption.
When "interpreting a statute, the court's task is to discern the intent of the legislature." PGE v. Bureau of Labor and Industries,317 Or 606, 610, 859 P2d 1143 (1993). The first step in that analysis is to consider the text and context of the particular statutory provision, recognizing that the "text of the statutory provision itself * * * is the best evidence of the legislature's intent," and that "words of common usage typically should be given their plain, natural, and ordinary meaning." Id. at 610-11. *Page 5 
The dictionary includes occupancy as an element of the definition of homestead either expressly or by implication in all but one instance.Webster's Third New Int'l Dictionary 1083 (unabridged ed 2002).[4]
Moreover, this court has previously ruled that the word homestead found in ORS 307.250 means "the owner occupied principal dwelling, either real or personal property, owned by the taxpayer and the tax lot on which it is located * * *." Brockway v. Marion County Assessor, TC-MD No 000408B, WL 33244243 *1 (Oct 5, 2000) (relying on the "general definition" found in ORS 311.666(2)). Finally, an administrative rule promulgated by the department precludes the loss of the exemption "if the owner is temporarily absent from the property, or is confined to a nursing home, or other long-term care facility, unless the property is rented to another for longer than one year during the owner's absence or confinement." OAR 150-307.270(1)-(A)(3). That rule would seem to presume that occupancy by the veteran is generally required. Based on the foregoing, the court concludes that the veteran must generally occupy the home for which the claim is filed in order to receive the exemption provided in ORS 307.250.
The court must now determine whether Plaintiff's absence from his home prevents him from receiving the exemption on his home. As stated above, Plaintiff lives with his daughter, *Page 6 
Spiotti, because he is unable to care for himself due to his declining physical and mental health. Under the rule cited above — OAR 150-307.270(1)-(A)(3) — Plaintiff is not entitled to the exemption unless he was "temporarily absent from the property, or [was] confined to a nursing home, or other long-term care facility."
Plaintiff contends that his residence at his daughter's home "has been the same [as] a long-term care facility or a nursing home," because he receives the same care that he would receive in such a facility, only by someone who cares for and loves him. (Ptf s Compl at 2.)[5] Although that may be true, the rule is specifically limited to confinement in a nursing home or long-term care facility, and the court is not to insert into an administrative rule words that have been omitted by the promulgating agency. PGE, 317 Or at 611 (quoting ORS 174.010 for the rule that in the first level of statutory analysis, the court is guided by rules of construction including the enjoinder "not to insert what has been omitted, or to omit what has been inserted."); Roseburg ForestProducts v. Hardenbrook-Hardy, 216 Or App 112, 115-116, 171 P3d 393
(2007) (stating that "[w]e apply the same framework to the interpretation of an administrative rule that we apply to the interpretation of a statute) (citations omitted). Accordingly, Plaintiff is only entitled to the disputed veteran's exemption if the court finds that he was "temporarily absent" from his home, as provided in OAR 150-307.270(1)-(A)(3).
The rule does not define the term "temporarily absent." Webster's dictionary defines "temporarily" as "1: for a brief period: during a limited time: BRIEFLY (a power failure-darkened the town) 2: in time: in relation to time: TEMPORALLY (a ~ punctiform occurrence . . . must necessarily be counted as one event — H.A.C. Dobbs}." Id. at 2353. *Page 7 
The word temporarily is an adverb derived from the adjective temporary, the latter also being understood and defined as "lasting for a time only." Id. Plaintiff, in this case, has not occupied his home for at least three years and, in all likelihood, will never return. That absence cannot be considered a "brief period," "a limited time," "briefly," or anything of that nature. Plaintiff's absence is more than temporary and, as a result, it does not fit within the exception defined in the administrative rule. Accordingly, Plaintiff is not statutorily entitled to a partial exemption for qualifying veterans under ORS307.250.
 III. CONCLUSION
The court concludes that Defendant did not err in denying Plaintiff's ORS 307.250 veteran's homestead property tax exemption application because Plaintiff did not, and does not, reside in his home in 2006 or 2007. His prolonged absence falls outside the provisions of the corresponding administrative rule precluding loss of the exemption for a temporary absence or confinement in a nursing home or long-term care facility. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied because he does not meet the requirements for the veteran's homestead property tax exemption.
Dated this ___ day of February 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on February 14,2008. The Court filed and entered this document on February 14,2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005.
[2] Plaintiff's exemption application was apparently denied by Defendant by letter dated March 29, 2006. Plaintiff subsequently appealed that denial to the Oregon Department of Revenue (department) and the department dismissed that appeal because Plaintiff was required to appeal to this court. It is not clear that Plaintiff's initial appeal to the department was timely, but Plaintiff did appeal the department's decision to this court prior to the running of the 90-day appeal period set forth in ORS 305.280. Moreover, Defendant has not challenged the timeliness of this appeal.
[3] The court set forth subsection (2) of the statute, which provides for the larger $18,000 exemption, rather than subsection (1) of the statute, which provides for a lesser $15,000 exemption, because Plaintiff asserts that he is 100 percent disabled with a service-connected disability. Defendant did not challenge that claim.
[4] Webster's defines "homestead" as follows:
 "[1] homestead * * * 1 a: the home and land of a family; esp: ancestral home * * * b: a private residence: HOUSE * * * c : the living quarters on a ranch in Australasia * * * 2 a: a tract of land usu. consisting of 160 acres acquired from U.S. public lands by filing a record and living on and cultivating the tract * * * b: the land and buildings on such a tract occupied as a home for the owner and his family and more or less legally protected in some jurisdictions from the claims of creditors against both the owner and his surviving spouse and minor children — see HOMESTEAD LAW
 "[2] homestead * * * vt: to acquire or occupy as a homestead under a homestead law * * * vi: to acquire or settle on land under a homestead law."
(Emphasis added.)
[5] The referenced argument appears in a two-page letter dated July 3, 2007, addressed to the Tax Court and submitted with the original Complaint. *Page 1